# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 13, 2001 Session

## LINDA MARIE CHAMBERLAIN FRYE v. RONNIE CHARLES FRYE

## IN RE:  JUDGMENT OF HERBERT S. MONCIER

**Appeal from the Chancery Court for Knox County**
**No. 143602-3     Sharon Bell, Chancellor**

### FILED JANUARY 10, 2002

### No. E2001-00732-COA-R3-CV

---

This suit was filed in July of 1999 to enforce two judgments in favor of attorney Herbert S. Moncier ("Plaintiff") against Ronnie Charles Frye ("Defendant").  The Trial Court granted judgment in favor of Plaintiff in the amount of $32,242.29.  In the first appeal to this Court, we concluded the action was not filed timely, vacated the judgment in favor of Plaintiff, and dismissed the lawsuit.  No appeal was taken from that decision.  The present appeal involves the Trial Court's holding of Defendant in criminal contempt for willfully disobeying post-judgment orders of the Trial Court to respond to discovery and appear for deposition.  These orders were entered and the alleged contemptuous conduct occurred before the underlying judgment was reversed by this Court.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Chancery Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Donald K. Vowell, Knoxville, Tennessee, for the Appellant Ronnie Charles Frye.

Herbert S. Moncier and Ursula Bailey, Knoxville, Tennessee for Appellee Herbert S. Moncier.

# OPINION

## Background

Plaintiff represented Linda Marie Chamberlain Frye ("Ms. Frye") in her divorce action against Defendant many year ago. On May 20, 1985, the Trial Court entered an Order *nunc pro tunc* disposing of various issues raised in the divorce action, one of which involved child support arrearages. In addressing the child support arrearages, the Trial Court entered judgment in Plaintiff's favor for attorney fees in the amount of $10,215.50, plus statutory interest, "to be taxed and considered as child support." The Trial Court declared this to be the "present, total amount of the judgment in favor of . . . [Plaintiff], except as hereinafter provided." Plaintiff was then awarded an additional sum of $1,200.00 as "attorney fees to be taxed as child support" and was further awarded "out of pocket" expenses. On January 22, 1986, the Trial Court amended its order and granted Plaintiff further judgment in the amount of $1,072.22 for these out of pocket expenses. The total amount awarded to Plaintiff in the two judgments was $12,487.72.

On July 14, 1999, Plaintiff filed an Action to Renew Judgment against Defendant claiming Defendant never satisfied the judgments rendered against him. Plaintiff sought the $12,487.72, plus statutory interest at the rate of ten percent. Defendant filed a motion to dismiss, arguing that the action was barred by the applicable ten year statute of limitations contained in Tenn. Code Ann. § 28-3-110. The Trial Court denied the motion to dismiss. Plaintiff then filed a motion for summary judgment. Plaintiff claimed the statute of limitations did not begin to run until the child reached the age of eighteen, which occurred on February 27, 1992, and therefore the action was timely filed. The March 15, 2000, Order of the Trial Court granted summary judgment to Plaintiff in the amount of $12,487.22, plus accrued interest in the amount of $20,755.07, for a total judgment to Plaintiff of $32,242.29. Defendant filed a motion to alter or amend judgment which was denied by the Trial Court.

Plaintiff served interrogatories and requests for production of documents on Defendant on March 15, 2000, which were aimed at learning information about Defendant's assets and income so the judgment eventually could be satisfied. Plaintiff also filed a notice of deposition seeking to take Defendant's deposition on May 8, 2000. Defendant filed a motion to alter or amend the judgment seeking to have it set aside, once again asserting that the statute of limitations barred the claim. Plaintiff then filed a motion to compel Defendant to answer the interrogatories and requests for production of documents after they were not responded to timely. Plaintiff also sought to command Defendant's attendance at a deposition since he did not show up for the deposition previously noticed for May. On July 24, 2000, the Trial Court entered several orders which: (1) required Defendant to respond to the written discovery by August 7, 2000; (2) compelled Defendant to appear for his deposition on August 24, 2000; (3) awarded Plaintiff $350.00 in attorney fees for the time expended in obtaining the orders; and (4) denied Defendant's motion to alter or amend the judgment.

On August 22, 2000, Defendant filed a motion to set aside the "judgment" of the Trial Court. Defendant claimed that pursuant to Rule 62.01 of the Tenn. R. Civ. P., no proceeding could

be taken for enforcement of the judgment for a period of 30 days after entry, and since the written discovery and notice of deposition were filed less than 30 days after the judgment was entered, they were invalid. Notwithstanding the orders entered by the Trial Court, Defendant failed to respond to the discovery as ordered and likewise did not appear for the deposition. Plaintiff, consequently, filed a motion for an order to show cause as to why Defendant should not be held in contempt. Plaintiff also filed a response to the motion to set aside, arguing that discovery "is not a proceeding to enforce a judgment within the meaning of Rule 62.01." The Trial Court then entered an order requiring Defendant to show cause as to why he should not be held in contempt for ignoring its orders.

Defendant refiled the interrogatories and requests for production of documents in November of 2000. After the time in which to respond lapsed with no answers to this discovery, Plaintiff filed yet another motion to have Defendant held in contempt. All of the pending motions were set for hearing on January 11, 2001, but were continued until February 14. The continuance was granted in open court and Defendant was present. On February 14, Defendant did not appear and the Trial Court continued the matter until February 28. Upon motion by Plaintiff, the Trial Court also entered an order for Defendant to show cause why he should not be held in contempt for not being present in court on February 14.

After a hearing on the various motions, the Trial Court concluded that beyond a reasonable doubt, Defendant willfully disobeyed its orders of July 24, 2000, to respond to the interrogatories and requests for production of documents and to appear for a deposition. The Trial Court found Defendant to be in criminal contempt of court, sentenced him to ten (10) days of community service, and awarded Plaintiff sanctions for attorneys fees and expenses. The Trial Court also found that Defendant failed to respond properly to the second set of discovery and notice of deposition and awarded Plaintiff attorneys fees and costs, but found there was no contempt with regard to the second set of discovery. The Trial Court did not hold Defendant in contempt for his failure to appear at the February 14 hearing. Defendant then filed a motion to alter or amend the judgment which was denied by the Trial Court.

In this appeal, Defendant challenges the Trial Court's determination that he was in criminal contempt. On a previous appeal, this Court reversed the underlying judgment entered in favor of Plaintiff after concluding that the applicable statute of limitations indeed had expired. That decision is final as there was no Rule 11 application for permission to appeal filed with the Tennessee Supreme Court.

#### Discussion

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo*, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

Although phrased in several different ways, the main thrust of Defendant's argument on appeal is that the written discovery requests and notice of deposition were invalid pursuant to Rule 62 of the Tenn. R. Civ. P. Defendant claims, therefore, that his actions in ignoring the Trial Court's orders that he comply with these discovery requests were not unlawful. Alternatively, Defendant argues that if the discovery, etc., were proper, he had a good faith belief that they were not proper so the evidence preponderates against the Trial Court's finding that he was in criminal contempt of court beyond a reasonable doubt.

Defendant argues that Rule 62.01 provides an initial 30 day stay and that his filing of a motion to alter or amend judgment provided yet another 30 day stay pursuant to Rule 62.02. These Rules read, in relevant part, as follows:

Rule 62.01. Initial Stay; Exceptions. –

Except as otherwise provided in this rule, no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry. . . . The party in whose favor judgment is entered may also obtain execution or take proceedings to enforce the judgment prior to expiration of the 30-day period if the party against whom judgment is entered is about fraudulently to dispose of, conceal or remove his or her property, thereby endangering satisfaction of the judgment.

Rule 62.02. Additional Stay on Specified Timely Motions. –

The execution of or any proceedings to enforce a judgment shall also be stayed pending and for 30 days after entry of any of the following orders made upon timely motion: . . . (3) granting or denying a motion under Rule 59.04 to alter or amend the judgment. . . .

Plaintiff counters this argument by asserting that since no writ of execution was filed pursuant to Rule 69, there was no execution or a proceeding for enforcement of execution as contemplated by Rule 62. Rule 69 provides as follows:

RULE 69. EXECUTION; EXAMINATION OF JUDGMENT DEBTOR AND OTHER PERSONS

Process to enforce a judgment for the payment of money shall be a writ of execution unless the court otherwise directs. The procedure on execution shall be in accordance with the statutes of this state and with the practice followed in the courts of this state. In aid of the judgment or execution the judgment creditor, or a successor in interest when that interest appears of record, may examine any

-4-

person, including the judgment debtor, in any manner provided by rules or statutes for taking discovery.

Tenn. Code Ann. § 29-9-102 gives the courts the power to inflict punishment for contempt of court in several specific instances, including "[t]he willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts". In *Nashville Corporation v. United Steel Workers of America, CIO*, 187 Tenn. 444, 215 S.W.2d 818 (1948), our Supreme Court observed that the power to punish for contempt was "one of the highest prerogatives of a court of justice." *Id.* at 450, 215 S.W.2d at 821. The Court went on to state that the party upon whom an order or command of the court operates "is not allowed to speculate upon the equity of the bill, or the legality or regularity of the order or decree, or of the writ issued thereon; but the simple duty is to obey; and when he disobeys it is a duty the court owes to itself and to the public to punish him at once." *Id.* at 451, 215 S.W.2d at 821 (citations omitted). These principles were reaffirmed by this Court in *Teague v. Stewart*, 1984 Tenn. App. LEXIS 3158 (Tenn. Ct. App. Sept. 13, 1984), which involved the violation of several court orders and a finding of contempt. The *Teague* Court observed that "[u]nless an injunction is void upon its face for lack of jurisdiction on the part of the judge who granted it, it must be obeyed, however erroneous the granting of it may have been, until it is dissolved on motion or appeal or some other method of direct review in the action in which it was granted." *Teague*, 1984 Tenn. App. LEXIS 3158 at *17 (quoting *State v. Ragghianti*, 129 Tenn. 560, 167 S.W. 689 (1914)). "The principle underlying the court's contempt power, i.e., that a court must be able to maintain the integrity of its orders, is so strong that under Tennessee law even erroneous orders must be obeyed, at the risk of a contempt citation." *Teague*, 1984 Tenn. App. LEXIS 3158 at *17, *18 (quoting *State v. Sammons*, 656 S.W.2d 862, 869 (Tenn. Crim. App. 1982)). Likewise, in *State v. Jones*, 726 S.W.2d 515 (Tenn. 1987), our Supreme Court reaffirmed the principle that with proper jurisdiction, "even though the trial judge's order is erroneous and is reversed on appeal, an adjudication of contempt for failure to obey that order will be sustained." *Id.* at 517.

In the present case, it is clear that the Trial Court had jurisdiction of the parties and of the subject matter at hand. Defendant argues that the Trial Court lacked jurisdiction under Rule 62 to force compliance with discovery filed within 30 days after entry of the judgment. We disagree with Defendant's assessment that this is a jurisdictional issue. We believe, even assuming the discovery was invalid, the Trial Court nevertheless had jurisdiction over the parties and the subject matter of the issues currently on appeal.[1] Potential lack of authority does not equate to a lack of jurisdiction. Because jurisdiction was proper, Defendant had an obligation to obey the orders of the Trial Court, even if erroneous. Accordingly, we hold the orders of the Trial Court are not facially invalid for lack of jurisdiction, and Defendant, therefore, was required to obey.

---

[1] We express no opinion on whether the filing of discovery within 30 days of the entry of the judgment in this case violated Rule 62.

We next address Defendant's argument that since he had a good faith belief that the Trial Court's order was invalid pursuant to Rule 62, the evidence preponderates against the finding of criminal contempt. In our view, this argument begs the question. Since the orders of the Trial Court were not facially invalid for lack of jurisdiction, Defendant was required to obey the orders of the Trial Court, even if erroneous, unless or until they were dissolved by that court or reversed on appeal. Defendant's belief those orders were erroneous does not change the fact that he willfully failed to obey the orders. If simply believing a court order was erroneous constituted a defense to ignoring that order, then most court orders would be ineffectual since a losing party rarely believes the court to be right. The evidence does not preponderate against the Trial Court's finding of criminal contempt. We find Defendant's position to be without merit.

### Conclusion

The Judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. Costs of this appeal are taxed to the Appellant Ronnie Charles Frye, and his surety.

_____
D. MICHAEL SWINEY, JUDGE