IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2007

## DANIEL RONALD VENGRIN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. 04-426    Roy B. Morgan, Jr., Judge**

**No. W2006-02539-CCA-R3-PC  - Filed August 29, 2008**

The appellant, Daniel Ronald Vengrin, pled guilty to vandalism in an amount greater than $500, a Class E felony.  Pursuant to the plea agreement, the trial court sentenced the appellant to one year and six months in the Tennessee Department of Correction and ordered that the appellant have no contact with the victim and pay restitution.  Subsequently, the appellant was found guilty of twenty-one counts of criminal contempt for failing to comply with the terms of the no-contact order that was a condition of his plea agreement.  The trial court sentenced the appellant to a total effective sentence of 210 days for his contempt convictions.  On appeal, the appellant contends that the trial court did not have jurisdiction "to modify or otherwise enforce the terms and conditions of the [j]udgment in [the appellant's] case."  Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

J. Colin Morris (on appeal) and Joseph T. Howell (at trial), Jackson, Tennessee, for the appellant, Daniel Ronald Vengrin.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The record reveals that the appellant was indicted for vandalism in an amount greater than $500 of the property of the victim, Teresa Williamson.  The appellant entered a "best interest" guilty plea to the charge, with conditions of the plea being that he was to have no direct or indirect contact with the victim and that he pay restitution.  The special conditions section of the appellant's

judgment of conviction reflected the no-contact proviso and the restitution. The appellant was incarcerated in the Tennessee Department of Correction immediately after his conviction.

On June 13, 2005, the trial court issued a show cause order directing the appellant to "show what cause, if any, [he has] as to why [he] should not be held in contempt for violating the condition of [his] plea that [he] not have any contact with the victim." In response, the appellant filed a motion to dismiss, alleging that pursuant to Tennessee Code Annotated sections 40-35-212 and 40-35-319, the trial court did not have jurisdiction to modify or otherwise enforce the previously imposed judgment of conviction which contained the no-contact order. The State maintained that the appellant's reliance on the cited statutes was misplaced because the statutes deal with the trial court's authority to determine the manner of service of a sentence and the trial court's authority to modify the appellant's sentence; however, the State contended that "the State is not asking that the [appellant's] sentence be modified but rather the [appellant] be punished for the violation of the Court's order."

At the hearing on the contempt charges, the trial court stated:

> [W]e're clearly not within those areas that are set forth by the statutes that are referred to by defense counsel. I'm not within those areas regarding this show cause and contempt request. The Court calls upon common sense to note that we've got to have the power to look at orders, and when someone is possibly in contempt of those orders, to at least have the power to bring them back and deal with that or else they'd totally amount to nothing.
>
> I think that the State is correct in their argument and so find that I have the power to enforce my order. I'm not seeking to modify or change anything regarding this [appellant's] previous plea and sentence by the Court. It's simply to look at the issue of whether or not he had put himself to be in contempt of court for violation of the existing court order regarding the directive that he not have any contact whatsoever with this individual, and for that reason, the Court feels that it has jurisdiction to proceed on and have a hearing on the merits regarding the contempt issue.

After finding that it had jurisdiction to address the contempt charge, the trial court allowed the parties to proceed with proof. The parties stipulated that while the appellant was incarcerated in the Tennessee Department of Correction, he mailed the victim sixteen letters. Additionally, the victim testified that the appellant had telephoned her at least five times since his conviction and that she had begged him to stop contacting her. The victim acknowledged that the appellant did not threaten her; regardless, she stated that the repeated contact was "distressing" for her and her family.

In the trial court's order, after finding the appellant in contempt, it noted that "a condition of the plea agreement was that [the appellant] not have any contact with the victim directly or indirectly. Said condition of the plea agreement was made a condition of the Judgment." Therefore,

based upon the five telephone calls and the sixteen letters, the trial court found the appellant guilty of twenty-one counts of contempt of court. The court sentenced the appellant to ten days in confinement for each count, with the sentences to run consecutively for a total effective sentence of 210 days.

## II. Analysis

On appeal, the appellant contends that the trial court had no jurisdiction to find him in contempt based upon his failure to comply with the no-contact condition of the judgment.[1] As support for his argument, the appellant cites Tennessee Code Annotated section 40-35-212(c) which provides:

> (a) In imposing a sentence, the court shall determine under what conditions a sentence will be served as provided by law. A defendant may be sentenced to the department of correction unless prohibited by § 40-35-104(b).
>
> (b) A court may also order probation where a defendant is eligible by law either:
>
> (1) Immediately upon sentencing;
>
> (2) In conjunction with a specific period of confinement pursuant to § 40-35-306; or
>
> (3) In conjunction with a period of periodic confinement pursuant to § 40-35-307.
>
> (c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.
>
> (d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

---

[1] We note that the appellant does not challenge the jurisdiction of the trial court to impose the no-contact order as a condition of a sentence of full confinement. In fact, the appellant agreed to the provision as a condition of his plea. Regardless, a good faith belief that an order is erroneous is not a defense to criminal contempt for a willful failure to obey an order of the court as such orders must be obeyed, "even if erroneous, unless or until they were dissolved by that court or reversed on appeal." Frye v. Frye, 80 S.W.3d 15, 19 (Tenn. Ct. App. 2002).

The appellant also contends that, pursuant to Tennessee Code Annotated section 40-35-319(b), the trial court did not have the jurisdiction to change or modify his sentence once the judgment became final. In sum, the appellant argues that

> based on the foregoing authorities . . . following the entry of judgment in his case the [trial court] lost a requisite jurisdiction to further hear any matter involved in this case. . . . [T]he appropriate authority to entertain the issue would be the Tennessee Department of Correction[].

The appellant correctly states that the trial court's jurisdiction over the case continues until the offender is transferred to the physical custody of the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-112(d)(1) (2006). Moreover, the appellant correctly states that the trial court has no authority to change the sentence once the judgment becomes final. Tenn. Code Ann. § 40-35-319(b) (2006). However, in the instant case, the trial court was not modifying or changing the judgment in the appellant's vandalism case. Instead, the court was addressing new charges of contempt of court.

Tennessee Code Annotated section 29-9-102(3) provides:

> The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
>
> . . . .
>
> (3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts.

Tennessee courts have examined the question of whether contempt actions are continuations of the underlying matter and have explained that "courts in other jurisdictions have . . . confronted this issue . . . [and] found that contempt proceedings are collateral to and independent of the cases or proceedings from which they arise." Murial Poff v. Cindy M. Poff, No. 01A01-9301-CV-00024, 1993 WL 73897, at *2 (Tenn. Ct. App. at Nashville, Mar. 17, 1993). In other words, contempt proceedings are independent of the underlying case. Sandi C. Hubbard v. Myron L. Hubbard, No. E2001-00110-COA-R3-CV, 2001 WL 1134606, at *2 (Tenn. Ct. App. at Knoxville, Sept. 26, 2001). Therefore, the contempt action was not a continuation of the vandalism charge; as such, the trial court had jurisdiction to hear the contempt action. Moreover, Tennessee Code Annotated section 29-9-102(3) clearly gives the trial court jurisdiction to enforce the court's orders, such as the no-contact order contained in the appellant's judgment. Thus, we conclude that the trial court had jurisdiction to address the charges of contempt.

### III. Conclusion

-4-

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE